**Ronald R. SNIDER, Petitioner,**

v.

**DISTRICT OF COLUMBIA BOARD OF APPEALS AND REVIEW, Respondent.**

No. 8387.

District of Columbia Court of Appeals.

Argued Feb. 25, 1975.

Decided July 24, 1975.

Ronald R. Snider, pro se.

Sherman Perry Jones, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondent. Earl A. Gershenow, Asst. Corp. Counsel, Washington, D.C., also entered an appearance for respondent.

Before KELLY and FICKLING, Associate Judges, and BELSON, Associate Judge, Superior Court of the District of Columbia.[*]

BELSON, Associate Judge:

Petitioner is the owner and occupant of residential premises in the Georgetown section of the city. He and his family occupy three stories of the structure. A basement apartment is occupied by tenants unrelated to him. He applied to the District of Columbia Department of Economic Development (hereinafter sometimes "Department") for a permit authorizing him personally to rewire his living quarters. The application was denied because it was not signed or certified by a duly licensed and bonded electrician. Although petitioner has a degree in electrical engineering, he is not a licensed electrician. The applicable regulation requires such signature or certification of plans.[1] It also requires that

---

[*] Sitting by designation pursuant to D.C.Code 1973, § 11-707(a).

1. D.C.Rules and Regulations, Title 5B–2, (1972 Electrical Code), § 110–42(a) (hereinafter "Electrical Code").

contractors be duly licensed and bonded[2] and that firms and corporations regularly employ a master electrician to supervise or perform intended electrical work in order to qualify for the issuance of a permit.[3] An exception to those requirements is made, however, for the owner and occupant of a single-family dwelling who intends to perform electrical work himself.[4] Petitioner appealed the denial of his application to the Board of Appeals and Review, contending that it fell within the exception accorded owner-occupants of singe-family dwellings. The Board rejected that contention and denied the appeal. Petitioner subsequently filed a petition for review here. We affirm.

A "flat" is defined in the Building Code[5] as "a building containing not more than two dwelling units." Petitioner urges here as he did before the Board that the Electrical Code does not in any of its sections specifically refer to that type of building and that his structure should, therefore, be classified with singe-family dwellings for purposes of the above-mentioned exception. Construing the Electrical Code as a whole, however, the Board of Appeals and Review concluded that it creates a "broad rule" requiring the involvement in electrical work of an appropriately licensed electrician and that there is but one exception to that requirement, viz., that the owner-occupant of a single-family dwelling may be issued a permit and may perform such work therein himself if, on the basis of an oral interrogation administered by the Director of the Department,[6] he is deemed qualified to perform that work in conformity with the Electrical Code.

Petitioner argues that it is unreasonable and discriminatory to carve out an exemption which extends only to the owners of single-family dwellings which they and their families occupy. He points out that following the installation of wiring such an owner-occupant might convert a single-family dwelling into a flat, rent out rooms, or convey the premises to another, possibilities which render such installations, if they are quality, potentially dangerous to persons not members of the owner-occupant's household. However, as petitioner recognized at oral argument, abolition of the exception would not benefit him. Only its extension to include flats would assist him. Therefore, he does not seek the abolition of the exception, but argues instead that there is no rational basis for failure to extend it to flats such as his. So far as danger from improper wiring is concerned, he urges that the only real protection for those who might be jeopardized by faulty electrical installations is the inspection by the Department rather than the involvement of a duly qualified electrician.

■ We find petitioner's arguments unconvincing. We note first that deference is properly accorded an agency's interpretation of the administrative regulation it enforces unless it is plainly erroneous or inconsistent with the regulation. *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Taylor v. District of Columbia Board of Zoning Adjustment,* D.C.App., 308 A.2d 230, 232 (1973); *Hobson v. District of Columbia,* D.C.App., 304 A.2d 637, 640 (1973); *Gulf Oil Corp. v. Hickel,* 140 U.S.App.D.C. 368, 372, 435 F.2d 440, 444 (1970). Examining the scheme of the Electrical Code, we conclude that it is calculated to afford in every instance of electrical work except that of an installation in an owner-occupied single-family dwelling the dual protection of (1) the involvement of a duly qualified and bonded electrician in the planning and installation of the work and (2) the inspection of the

---

2. *Id.* § 110–42(d).

3. *Id.* § 110–42(e).

4. *Id.* § 110–42(g).

5. D.C.Rules and Regulations, Title 5A–1, (1972 Building Code), § 201.1.

6. Electrical Code § 110–42(g).

work by the Department.[7] The exception for owner-occupants of single-family dwellings is not without rational basis. It saves money for the homeowner whose use of the premises is strictly private and involves no rental income. The only persons who would be placed in immediate jeopardy by any faulty electrical work are the owner and members of his family. It is true, as petitioner points out, that their well-being should not be ignored. Those persons, however, are not entirely without protection since, as discussed above, there is an inspection by the Department after completion and, in addition, persons performing work pursuant to the exception must first pass an oral examination. It is true also that persons other than an owner-occupant's immediate family may later be placed in jeopardy by his work. However, such exposure to danger is contingent rather than immediate or direct, a circumstance which provides a valid distinction between owner-occupants and persons such as petitioner whose work could pose an immediate risk of harm to members of the public outside of his own household. Petitioner's further argument that the requirement of official inspections obviates any need for the involvement of qualified electricians proves too much since it would apply to the most complex electrical installations and to large buildings and places of public assembly. Petitioner concedes that such a result is undesirable.

■ From what has been said, it is clear that the Electrical Code's classification of owner-occupants as a category of persons exempt from the requirement of involvement of a duly qualified electrician is not arbitrary, but rather has a substantial and reasonable basis. The exclusion of persons in petitioner's situation from that classification is neither irrational nor invidiously discriminatory. *Dandridge v. Williams,* 397 U.S 471, 483–87, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). We conclude that the regulations requiring involvement of an appropriately licensed electrician apply to a person in petitioner's position and that their application to him in this case is reasonable, consistent with the purposes of the regulations,[8] and in harmony with the statute which authorizes their promulgation.[9] No other matters raised by petitioner warrant reversal. Accordingly, the decision of the Board of Appeals and Review is

Affirmed.

---

7. The Electrical Code does not extend the requirement of a permit to such minor repairs or replacements as those involving sockets or snap switches. Electrical Code § 110–42 (h).

8. The introduction to the 1972 Electrical Code of the District of Columbia states: "The purpose of the D.C. Electrical Code . . . is the practical safeguarding of persons and of buildings and their contents from electrical hazards arising from the use of electricity for light, heat, power, radio signalling and for other purposes." Electrical Code, *supra,* note 1, at 1.

9. D.C.Code 1973, § 1–719.